# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7127 | **DATE** | 2/17/2011 |
| **CASE TITLE** | Pina vs. Chicago Board of Education, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* is denied as moot. Plaintiff's motion for appointment of counsel is granted. The Court appoints Allen Price Walker of Greene & Letts, 111 West Washington, Suite 1650 Chicago, IL 312-346-1100 as counsel for the plaintiff.

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT

On Nov. 4, 2010, Plaintiff filed this employment discrimination complaint. Plaintiff filed an *in forma pauperis* application, but paid the filing fee on the same day. As such, her *in forma pauperis* application is denied as moot. *See Daugherty v. Illinois Department of Corrections*, 09 C 648, 2010 WL 893984, at *1 (N.D. Ill. March 10, 2010).

However, Plaintiff also seeks appointment of counsel, so her *in forma pauperis* application will be considered in support of that motion. Her financial affidavit indicates that she is separated, receives unemployment payments of $700 bi-weekly, and has only $400 in savings and $3,000 worth of equity in her home. She also has a monthly mortgage payment of $1,637. Plaintiff indicated in her motion for appointment of counsel that she has contacted three legal organizations in an effort to obtain low-cost legal representation, but has not been able to do so.

Plaintiff's complaint alleges age, color, race, and religious discrimination, and implicates the ADEA, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Before the court may appoint counsel, it must screen the Plaintiff's complaint and dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief from a defendant who is immune from such relief. *Brock v. Beelman Truck Co.,* 10 C 0270, 2010 WL 1692769, at *1 (S.D. Ill. April 20, 2010); 28 U.S.C. § 1915(e)(2).

The complaint does not appear frivolous on its face. The complaint alleges that Plaintiff took the necessary step of filing a charge with the EEOC, obtained a right-to-sue letter (dated Aug. 16, 2010) and filed suit within 90 days of receiving that letter. Nor is there any indication Plaintiff is lying about her financial status.

| STATEMENT |
|---|

Civil litigants have no constitutional or statutory right to an attorney, and the decision to appoint counsel is within the trial court's discretion. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The Court "may request an attorney to represent any person unable to afford counsel" in response to Plaintiff's motion for appointment of counsel. 28 U.S.C. § 1915(e)(1). In determining whether counsel should be appointed for an indigent person, the court must decide: (1) whether the plaintiff has made reasonable efforts to retain counsel or has been precluded from making such efforts; and if so, (2) given the difficulty of the case, is the plaintiff competent to litigate it herself; and (3) if not, would the presence of counsel make a difference in the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court finds that Plaintiff has made reasonable efforts to retain counsel. The Court believes that, given the nature of Plaintiff's claim, Plaintiff is not competent to try the case and appointed counsel could affect the outcome of case. Accordingly, Plaintiff's motion for appointment of counsel is granted.